IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES P. KERR; RICHARD HOOVER; STEPHEN P. ADAMS; MARY HOOVER; DALE E. GALE; BRUCE W. GALE; JACOB P. CUKJATI, IV; NATALIE F. CUKJATI; LORI CUKJATI; JIMMY A. SCHUMACHER; CARLA SCHUMACHER; ERIC RANDOLPH; WILLIAM McILVRIDE; CARL L. ULEPICH; CHARLES L. WEST; DON SCHUMACHER; and MICHAEL PAUL LeBLEU, Individually and as Representatives of a Class of Similarly-Situated Individuals; Plaintiffs; | § § § § § § § § § § § § § § § | |
| | § | CIVIL ACTION NO. _____ |
| | § § | |
| | § | JURY TRIAL DEMANDED |
| v. | § § | |
| EXOBOX TECHNOLOGIES CORPORATION; ROBERT B. DILLON; SCOTT COPELAND; REGINALD GOODMAN; MICHAEL WITTENBURG; MARC PERNIA; MICHAEL WIRTZ; RICHARD EVANS, M.D.; ROBERT L. SONFIELD, JR.; JASON LANDESS; SYDNEY BARRETT; JEFFREY BRADLEY; DONALD BRADLEY; MARC LANE; ROGER BREWER; ALEXANDERIA K. BLANKENSHIP; WILLIAM SKLAR; JAMES L. JIMMERSON; and LESLIE DANYEL OWENS-SWINT; Defendants. | § § § § § § § § § § § § § § § § § | |

## NOTICE OF REMOVAL

Defendant Robert L. Sonfield, Jr. files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446; Section 28(f)(2) of the Securities Exchange Act of 1934 as amended by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f)(2); Section 16(c) of the Securities Act of 1933 as amended by SLUSA, 15 U.S.C. § 77p(c); Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa; Section 22(a) of the Securities Act

1

of 1933, 15 U.S.C. § 77v(a); 28 U.S.C. § 1331; and 28 U.S.C. § 1367(a), or, alternatively, 28 U.S.C. §§ 1332(d) and 1453, and shows the Court as follows:

1. A civil action was commenced on July 27, 2010 and is now pending under Cause No. 2010-46276 on the docket of the 234th Judicial District Court of Harris County, Texas wherein James P. Kerr, Richard Hoover, Stephen P. Adams, Mary Hoover, Dale E. Gale, Bruce W. Gale, Jacob P. Cukjati, IV, Natalie F. Cukjati, Lori Cukjati, Jimmy A. Schumacher, Carla Schumacher, Eric Randolph, William McIlvride, Carl L. Ulepich, Charles L. West, Don Schumacher, and Michael Paul Lebleu, individually and as representatives of a class of similarly-situated individuals ("Plaintiffs") are plaintiffs and Exobox Technologies Corporation, Robert B. Dillon, Scott Copeland, Reginald Goodman, Michael Wittenburg, Marc Pernia, Michael Wirtz, Richard Evans, M.D., Robert L. Sonfield, Jr., Jason Landess, Sydney Barrett, Jeffrey Bradley, Donald Bradley, Marc Lane, Roger Brewer, Alexanderia K. Blankenship, William Sklar, James L. Jimmerson and Leslie Danyel Owens-Swint ("Defendants") are defendants (hereinafter "state court action"). The state court action is therefore pending in a state court located within this district and division.

2. On October 21, 2010, Robert L. Sonfield, Jr. ("Sonfield") was served with citation in the state court action and on that date first received a copy of Plaintiff's Class Action Petition in such action. A true and correct copy of Plaintiff's Class Action Petition together with the citation received by Sonfield are attached hereto as Exhibits "2" and "4," respectively, and are filed herewith pursuant to 28 U.S.C. § 1446(a). No other process, pleadings or orders have been served or purportedly served upon Sonfield in the state court action. The time allowed by 28 U.S.C. § 1446(b) for the filing of this notice of removal has not elapsed.

3. Plaintiffs allege in the state court action that Defendants committed fraud and made misrepresentations or omissions of material fact upon which Plaintiffs relied in purchasing, or which induced Plaintiffs to purchase, stock of Exobox Technologies Corporation ("Exobox"). Plaintiffs purport to assert causes of action against Defendants for violation of the Federal securities laws, specifically including the Securities Exchange Act of 1934, 15 U.S.C § 78a *et seq.*, and the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*, and for aiding and abetting violations of such laws. Plaintiffs also purport to allege causes of action for violation of state securities laws, fraud, misrepresentation, gross negligence and conspiracy.

4. Plaintiffs purport to bring their claims as a class action on behalf of a class of similarly-situated individuals which they propose to define as "All persons, both individuals as well as business entities, excluding Defendants, who purchased Exobox Technologies Corporation stock." Plaintiffs allege that the proposed class is comprised of hundreds of persons. Plaintiffs (i) seek damages on behalf of more than 50 persons or prospective class members and allege that questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or (ii) as the named parties, seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members. The state court action is therefore a "covered class action" under Section 28(f)(5)(B)(i) of the Securities Exchange Act of 1934 as amended by SLUSA, 15 U.S.C. § 78bb(f)(5)(B)(i), and Section 16(f)(2) of the Securities Act of 1933 as amended by SLUSA, 15 U.S.C. § 77p(f)(2).

5. Exobox common stock was initially issued without registration in reliance on the exemptions from registration in Section 4(2) of the Securities Act of 1933, 15 U.S.C. § 77d(2), and Rule 506 of Regulation D, and, at the time during which it is alleged in the state court action that the misrepresentation, omission, or manipulative or deceptive conduct occurred, the shares were resold without registration in reliance on the exemptions from registration in Section 4(1) of the Securities Act of 1933, 15 U.S.C. § 77d(1), and/or SEC Rule 144, 17 C.F.R. § 230.144. The state court action therefore involves a "covered security" under Section 28(f)(5)(E) of the Securities Exchange Act of 1934 as amended by SLUSA, 15 U.S.C. § 78bb(f)(5)(E), and Section 16(f)(3) of the Securities Act of 1933 as amended by SLUSA, 15 U.S.C. § 77p(f)(3), and as that term is defined in Sections 18(b)(4)(A) and (D) of the Securities Act of 1933, 15 U.S.C. § 77r(b)(4)(A) and (D).

6. Pursuant to Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, federal courts have exclusive subject matter jurisdiction of violations of such act or the rules or regulations promulgated thereunder and of all suits in equity and actions at law brought to enforce any liability or duty created by such act or the rules or regulations promulgated thereunder. Pursuant to Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), federal courts also have exclusive subject matter jurisdiction of violations of such act or the rules or regulations promulgated thereunder with respect to covered class actions and of all suits in equity and actions at law brought to enforce any liability or duty created by such act with respect to covered class actions. Federal courts also have original jurisdiction of all civil actions arising under the laws of the United States under 28 U.S.C. § 1331.

7. Based on the foregoing, this suit is a covered class action involving a covered security and an action as to which this court has original jurisdiction. Accordingly, the state

4

court action is removable to this court pursuant to Section 28(f)(2) of the Securities Exchange Act of 1934 as amended by SLUSA, 15 U.S.C. § 78bb(f)(2), Section 16(c) of the Securities Act of 1933 as amended by SLUSA, 15 U.S.C. § 77p(c), and 28 U.S.C. § 1441(a).  The state court action is also removable to this court pursuant to Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1441(a).

8. Although Plaintiffs purport to assert state law claims, those claims are preempted by Section 28(f)(1) of the Securities Exchange Act of 1934 as amended by SLUSA, 15 U.S.C. § 78bb(f)(1), and Section 16(b) of the Securities Act of 1933 as amended by SLUSA, 15 U.S.C. § 77p(b).  Alternatively, even if Plaintiffs' state law claims are not preempted, this Court would have supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a).

9. Plaintiffs' petition in the state court action does not specify the amount in controversy.  However, Plaintiffs' petition incorporates by reference the allegations made by the Securities and Exchange Commission ("SEC") in its complaint in a suit styled Civil Action No. 4:08-cv-02351 – *Securities and Exchange Commission, Plaintiff v. Robert L. Sonfield, Jr., Donald C. Bradley, Jeffrey W. Bradley, Jason Landess, Marc Lane, Roger Brewer, Defendants, and Alexanderia K. Blankenship, Relief Defendant* – In the United States District Court for the Southern District of Texas, Houston Division.  The SEC's complaint states an amount in controversy alleged to be in excess of $3,910,000.00.  The SEC's complaint is against only seven of the nineteen defendants named in the state court suit.  Plaintiffs also seek damages on behalf of putative class members who purchased shares of Exobox.  Such a putative class would be comprised of persons and entities who purchased approximately 300,000,000 shares of Exobox. Over the past two years, Exobox shares have traded in a price range such that the amount of the

5

alleged loss to class members may result in an amount in controversy exceeding $5,000,000.00. In addition, Plaintiffs seek to recover punitive damages. Plaintiffs' petition therefore discloses that this is a civil action where the matter in controversy exceeds the sum or value of $5,000.000.00, exclusive of interest and costs. Plaintiffs' petition also alleges that certain individual Plaintiffs are residents of Texas, Florida, Washington, Colorado and Kansas and that certain individual Defendants are residents of Nevada. This action is therefore one in which there is minimal diversity of citizenship under 28 U.S.C. § 1332(d)(2)(A). Accordingly, and in the alternative, the state court action is removable to this court pursuant to 28 U.S.C. §§ 1332(d), 1446 and 1453.

10. Promptly after filing this notice of removal, Sonfield will give written notice thereof to all adverse parties and will file a copy of this notice of removal with the Clerk of the 234th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d) to effect removal.

11. As required by 28 U.S.C. § 1446(a) and Rule 81 of the Local Rules for the United States District Court for the Southern District of Texas, the following items are attached as exhibits to this notice:

1. Index of exhibits being filed with this notice;

2. Copy of Plaintiff's Class Action Petition filed in state court on July 27, 2010;

3. Copy of Plaintiffs' Notice of Lis Pendens filed in state court on September 23, 2010;

4. Copy of citation with completed officer's return with respect to Defendant Robert L. Sonfield, Jr.;

5. Copy of docket sheet in the state court action;

6. A list of all counsel of record, including addresses and telephone numbers and parties represented.

12. Defendants Exobox Technologies Corporation, Robert B. Dillon, Scott Copeland, Reginald Goodman, Michael Wittenburg, Marc Pernia, Michael Wirtz, Richard Evans, M.D., Jason Landess, Sydney Barrett, Jeffrey Bradley, Donald Bradley, Marc Lane, Roger Brewer, Alexanderia K. Blankenship, William Sklar, James L. Jimmerson, and Leslie Danyel Owens-Swint have either not been served with citation as of the date of filing of this notice or have or will timely consent to removal, if necessary.

13. The following potentially related litigation is pending in federal court: Civil Action No. 4:08-cv-02351 – *Securities and Exchange Commission, Plaintiff v. Robert L. Sonfield, Jr., Donald C. Bradley, Jeffrey W. Bradley, Jason Landess, Marc Lane, Roger Brewer, Defendants, and Alexanderia K. Blankenship, Relief Defendant* – In the United States District Court for the Southern District of Texas, Houston Division.

14. Sonfield knows of no directly affected persons or entities who are not already parties to this case.

15. Pursuant to FED. R. CIV. P. 38, Sonfield hereby demands trial by jury.

                                      Respectfully submitted,

                                        /s/ Robert M. Corn              .
                                      Robert M. Corn
                                      Southern District Bar No. 2064
                                      State Bar of Texas No. 04828600

                                    ATTORNEY-IN-CHARGE FOR DEFENDANT ROBERT L. SONFIELD, JR.

                                    2000 The Lyric Centre
                                    440 Louisiana Street
                                    Houston, Texas 77002-1636
                                    Telephone:  713-229-0055
                                    Facsimile:  713-229-0057

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 29, 2010, a true and correct copy of the above and foregoing was served in compliance with the Federal Rules of Civil Procedure upon the following:

*<u>Via U.S. CM/RRR# 7003 0500 0002 8774 2854</u>*
Eddie M. Krenek
Tricia K. Thompson
Krenek Law Offices
419 Mason Park Blvd.
Katy, Texas 77450

                                                 /s/ Robert M. Corn              .
                                                Robert M. Corn

36.002/2010-10-29 Sonfield's Ntc of Removal [USDC].doc